| 53 | 481 |
| s55 | 342 |

LIFE INSURANCE CLEARING COMPANY V. MARGUERITE ALTSCHULER.

FILED JANUARY 19, 1898.    No. 7727.

1. Insurance: WAIVER OF CONDITION: EVIDENCE. The evidence in this case examined, and *held* to have justified the jury in finding that there was a waiver of a condition precedent with respect to the delivery of a policy, the existence of such condition not having been communicated to the insured.

35

2. **Appearance:** Review: Record. A special appearance must be assumed to have been properly overruled when the affidavit upon which it was founded does not appear in the record in the supreme court.

3. **Continuance:** Sufficiency of Application: Review. An application for a continuance which failed to disclose the names of absent parties whose testimony was desired, and the nature of their testimony, *held* properly to have been denied.

Error from the district court of Adams county. Tried below before Beall, J. *Affirmed.*

*Tibbets, Morey & Ferris,* for plaintiff in error.

*M. A. Hartigan, contra.*

Ryan, C.

In this case there was recovered a judgment against the plaintiff in error in the district court of Adams county in the sum of $2,513.65, upon an insurance policy held by defendant in error on the life of her husband, Sigmund Altschuler. This policy was dated April 5, 1893, and Sigmund Altschuler died August 14 of the same year. We shall not undertake an analysis of the pleadings, but shall refer to such portions thereof as shall become necessary whenever the necessity arises.

James Hale testified that in 1893 he was one of the general agents of the Equitable Life Insurance Society at Grand Island for the western half of this state, and that by reason of the prospectus of the plaintiff in error soliciting the submission to it of rejected applications for examination he had become acquainted with said plaintiff in error. With such policies as plaintiff in error would issue there was always sent to said witness a certificate of health, filled out ready to be signed by the applicant, or rather the policy holder, and by the doctor who had examined the applicant when the first application was made. This certificate was intended to show that the condition of the party to be insured had continued as it was when the original application was

made.  Mr. Hale, when the policy on the life of Mr. Alt-
schuler was received by him at Grand Island, also re-
ceived the health certificate to be brought up to the date
of the policy, which, only upon the bringing forward of
such certificate, he was authorized to deliver.  It is not
pretended that this condition precedent was known by
Mr. Altschuler or any one acting for him.  Mr. Hale for-
warded the policy and certificate to his brother in Hol-
drege, by whom these documents were entrusted to a Mr.
Feeney.  It seems that Mr. Feeney lost the certificate
which ought to have been signed, but he did not fail to
deliver the policy, and the first quarter's premium, $53.95,
was remitted by draft to Hale.  This draft was cashed by
Hale and its proceeds held by him until after the death of
Mr. Altschuler.  This amount he then tendered to the
defendant in error, who refused to receive it.  Whether
or not there was a waiver of the condition with reference
to the health certificate was submitted to the jury upon
conflicting evidence as a question of fact, and we cannot
interfere with its conclusion.  We must therefore accept
the policy as one binding upon the plaintiff in error.

It is urged that the acceptance of the second premium
of $53.95 was brought about by the fraud of Mrs. Altschu-
ler in leading plaintiff in error to believe her husband
was not ill when, in fact, he was at the point of death.
If the policy had been issued before the time this alleged
misrepresentation took place we cannot understand why
this policy should be invalidated by the fact that Mr.
Altschuler, since the issue of the policy, had sickened
and was about to die.  If there was any such misrepre-
sentation and fraud as, under proper conditions, might
be available, it cannot be considered on this branch of
this case, for neither fraud nor misrepresentation was
pleaded with reference to the acceptance of this pay-
ment.

Plaintiff insists that the district court erroneously
held that proper service of summons had been made
upon the insurance company.  The return of the sheriff

showed service upon O. H. P. Hale as its agent in Adams county. In support of the objections to the service made by a special appearance for that purpose alone there seems to have been filed certain affidavits, but they are not to be found in the record; hence the ruling of the district court must be sustained.

Before the trial began there was an application for a continuance on account of the alleged absence of material witnesses. This application is recited to have been founded upon an affidavit made by Mr. Ferris, one of the attorneys for plaintiff in error. There is no such affidavit in the record. The motion itself fails to disclose the names of the absent witnesses and what would be the testimony of each. It is obvious that we cannot say in view of these omissions that the district court erred in denying a continuance. At a later date, but while the trial was in progress, there was another application, which was oral, and in this the request was but for a short time to permit of a search in the restaurants and hotels of Hastings for O. H. P. Hale and P. M. Feeney. It was not disclosed by the record that these parties were to be used as witnesses, much less was there a suggestion with reference to the nature of the testimony they would give. The court did not err in denying this request.

We have carefully considered the instructions in the light of the printed briefs for plaintiff in error and have discovered no just ground for complaint. The judgment of the district court is

AFFIRMED.